**E-Filed 9/28/2011**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| FARID SHAHRIVAR, | Case Number 5:10-cv-01029-JF (PSG) |
| Plaintiff, | ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |
| v. | |
| CITY OF SAN JOSE, et al., | |
| Defendants. | |

Defendants move to dismiss certain claims of the operative first amended complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the reasons discussed below, the motion will be granted, with leave to amend.

## I. BACKGROUND

Plaintiff has a Ph.D. in Structural Engineering and Structural Mechanics from the University of California at Berkeley, where he earned a grade point average of 3.9. FAC ¶ 3. He worked for the City of San Jose ("the City") as a structural engineer from 2001 to 2009, when he was terminated. *Id.* ¶¶ 27, 208.

Plaintiff filed the present action on March 10, 2010, and pursuant to stipulation filed a

---

[1] This disposition is not designated for publication in the official reports.

FAC on October 8, 2010.  He claims that during the course of his employment by the City, he was subjected to discrimination based upon his race, national origin, and religion; he identifies himself as a "Muslim Iranian-American."  FAC ¶ 35, 38.  He also claims that when he engaged in whistle-blowing activities and other protected conduct, he was subjected to retaliation.  ¶¶ 67-69.  He alleges that the discrimination and retaliation contributed to a hostile work environment.  *Id*. ¶ 89.

Plaintiff alleges the following:  in 2003, his job responsibilities included supervising public works and structural inspectors, which entailed inspecting public facilities under construction for compliance with codes and approved plans.  FAC ¶ 37.  An individual named Susan Lacy was placed under his supervision.  *Id*. ¶ 39.  Plaintiff claims that Lacy was unqualified for the position, and that she acted in an inappropriately sexual manner, for example, by pressing her breasts against him and by displaying a "toy phallic organ" on her desk.  *Id*. ¶¶ 40-41. 47.  Plaintiff claims that when he attempted to get her removed, Lacy began making racist remarks.  *Id*. ¶ 49.  According to Plaintiff, he received no support from his superiors for a period of time, but ultimately Lacy was transferred out of his section.  *Id*. ¶¶ 51-54.

Plaintiff alleges systemic discrimination against employees of Middle Eastern descent, citing various examples of allegedly less qualified Caucasians getting promoted over Iranian-Americans.  FAC ¶¶ 55-60.  In 2004 and 2005, Plaintiff's supervisor, Rodney Rapson, allegedly pressured Plaintiff and others not to report building code violations in order to meet deadlines.  *Id*. ¶¶ 61-62.  When Plaintiff objected, he began having problems with Rapson.  *Id*. ¶¶ 65-68.  Rapson and others allegedly made false charges that he had sexually harassed and discriminated against others in the workplace.  *Id*. ¶ 69-73.

In 2005, Plaintiff was placed under a new supervisor, Danny Tsao.  FAC ¶ 75.  In 2006, Plaintiff requested permission to perform outside work so that he could accept a teaching position at San Jose State.  *Id*. 78.  He claims that Tsao unreasonably denied this request.  *Id*.  In June 2006, Plaintiff filed complaints with the California Department of Fair Employment and Housing ("DFEH") and the federal Equal Employment Opportunity Commission ("EEOC").  *Id*. ¶¶ 102.  Right to sue letters issued in October and November 2006.  *Id*.  Plaintiff filed a second

1   EEOC complaint in January 2007; a right to sue letter issued in March 2009. *Id*. ¶ 140. He filed
2   a third EEOC and FEHA complaint on July 1, 2008. *Id*. ¶ 182. During this time frame, Plaintiff
3   did not file suit, although he continued to have numerous problems at work. He claims that he
4   was transferred to a dirty, noisy trailer in a different department. *Id*. ¶ 137. Moreover, when his
5   son had a near fatal car accident, Plaintiff was disciplined for arriving late to work the next
6   morning, and he was denied leave to care for his son. *Id*. ¶¶ 167-70.

7         Plaintiff filed his final DFEH/EEOC complaint on February 18, 2010. FAC ¶ 216. He
8   filed this action on March 10, 2010. He sues the City and nineteen individual City employees,
9   asserting claims for: (1) retaliation (pursuant to 42 U.S.C. §§ 1983, 1985, and 1988); (2)
10  deprivation of equal protection (pursuant to 42 U.S.C. §§ 1983, 1985, and 1988); (3) deprivation
11  of due process (pursuant to 42 U.S.C. §§ 1983, 1985, and 1988); (4) violation of Cal. Const., Art.
12  I, Secs. 1, 2, and 8, and Cal. Civ. Code § 52.1; (5) violation of FEHA; (6) retaliation and
13  wrongful termination in violation of Cal. Lab. Code § 1102.5; (7) negligence; (8) negligent or
14  intentional infliction of emotional distress; (9) breach of contract; (10) breach of the implied
15  covenant of good faith and fair dealing; and (11) conspiracy. Defendants move to dismiss a
16  number of these claims for lack of subject matter jurisdiction and for failure to state a claim.

## II. LEGAL STANDARDS

### A.   Rule 12(b)(1)

19  "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air For Everyone v.*
20  *Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the moving party asserts that the
21  allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *Id*. In a
22  factual attack, the moving party disputes the truth of the allegations in the complaint, which
23  otherwise would be sufficient to invoke federal jurisdiction. *Id*. In resolving a facial attack, the
24  Court accepts the allegations in the complaint as true. *Whisnant v. United States*, 400 F.3d 1177,
25  1179 (9th Cir. 2005). In resolving a factual attack, the Court need not presume the truthfulness
26  of the allegations set forth in the complaint and may consider evidence beyond the face of the
27  complaint without converting the motion to dismiss into a motion for summary judgment. *Id*.;
28  *Safe Air*, 373 F.3d at 1039. Once the moving party has presented affidavits or other evidence

3

tending to show that subject matter jurisdiction does not lie, the plaintiff must present affidavits or other evidence sufficient to establish subject matter jurisdiction. *Safe Air*, 373 F.3d at 1039.

**B.   Rule 12(b)(6)**

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *see also McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).

### III. DISCUSSION

**A.   First, Second, and Third Claims – Federal Civil Rights Statutes**

Plaintiff's first, second, and third claims allege constitutional violations under 42 U.S.C. §§ 1983 and 1985.[2] Defendants argue that any such claims based upon events that occurred more than two years prior to the filing of the complaint are time-barred. The statute of limitations

---

[2] These claims also are brought pursuant to 42 U.S.C. § 1988; this statute authorizes an award of attorneys' fees to a party who prevails on a civil rights action under federal statute.

4

applicable to Plaintiff's claims under §§ 1983 and 1985 is two years. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (the statute of limitations for § 1983 claims is governed by the forum state's statute of limitations for personal injury claims, which is two years under California law); *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711-12 (9th Cir. 1993) (the limitations period that governs § 1983 claims also governs claims under §§ 1981 and 1985). Accordingly, absent tolling, claims arising from conduct that occurred prior to March 10, 2008, are time-barred.

Plaintiff contends that he is entitled to sue based upon conduct dating back to 2003 under the continuing violations doctrine. "The continuing violations doctrine permits a plaintiff to sue for all discriminatory acts that occurred during the limitations period, even if the policy or other event giving rise to the discrimination occurred outside the limitations period." *The Committee Concerning Community Improvement v. City of Modesto*, 583 F.3d 690, 701 (9th Cir. 2009). Similarly, the doctrine permits a plaintiff to bring a hostile workplace claim even if some of the conduct that contributed to the hostile environment occurred outside the limitations period, so long as some of the contributing conduct occurred inside the period. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002). However, the doctrine does not permit a plaintiff to sue for discrete acts of discrimination or retaliation that occurred outside the limitations period solely because they are related to other discrete acts that occurred inside the limitations period. *See id*. at 113-14 ("discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges"); *see also Committee Concerning Community Improvement*, 583 F.3d at 701 ("discrete discriminatory acts will not create a pattern of discrimination without more").

None of the claims in question is based upon a hostile workplace – the first claim asserts retaliation, the second claim asserts deprivation of equal protection, and the third claim asserts deprivation of due process. As alleged, these claims are based upon discrete acts by a number of different supervisors and City personnel. Accordingly, Plaintiff's allegations are insufficient to implicate the continuing violations doctrine. The claims will be dismissed, with leave to amend, so that Plaintiff may refocus them on conduct that occurred within the limitations period, or may

allege facts sufficient to implicate the continuing violations doctrine.

**B.     Fifth Claim – FEHA**

Plaintiff's fifth claim alleges that Defendants discriminated against him, failed to prevent discrimination, retaliated against him, and failed to accommodate him, all in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Govt. Code §§ 12900 *et seq*. A plaintiff must file a FEHA claim within one year after the DFEH issues a right-to-sue letter. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1127 (9th Cir. 2008). Thus it appears that Plaintiff's claims based upon charges addressed by the 2006 right-to-sue letter are time-barred. Plaintiff's FEHA claim will be dismissed so that Plaintiff may clarify upon which right-to-sue letters he is proceeding and may allege facts demonstrating that the present lawsuit was filed within one year of the issuance of those letters.

**C.     Seventh and Eighth Claims – State Law**

Plaintiff's state law claims for negligence (7th claim) and for negligent or intentional infliction of emotional distress (8th claim) are subject to a two-year statute of limitations. *See* Cal. Civ. P. Code § 335.1 (two-year statute of limitations for claims based upon personal injury). Accordingly, these claims will be dismissed, with leave to amend, so that Plaintiff may limit them to conduct that occurred within two years of the filing of his complaint.

**D.     Four Individual Defendants**

Plaintiff concedes that he has failed to allege facts sufficient to state a claim against four of the individual defendants, Allen Demers, Mark Danaj, Robert Fabela, and Angela Chen. He requests leave to amend. Accordingly, all claims against these individuals will be dismissed, with leave to amend.

### IV. ORDER

The motion to dismiss is GRANTED, WITH LEAVE TO AMEND. Any amended pleading shall be filed within thirty days of the date of this order.

Dated: 9/28/2011

_____
JEREMY FOGEL
United States District Judge

6