IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARID SHAHRIVAR,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF SAN JOSE, et al.,<br><br>    Defendants.<br>_____/ | No. C 10-01029 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CERTAIN CLAIMS AND SETTING CASE MANAGEMENT CONFERENCE |

INTRODUCTION

Plaintiff Farid Shahrivar brings claims under federal and state law against Defendants City of San Jose and nineteen individual City employees. Defendants move to dismiss certain claims in Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing, respectively, that the Court lacks subject matter jurisdiction and the claims are untimely.[1] A hearing on the motion was held on March 1, 2012. Having considered oral argument and the papers filed by the parties, the Court GRANTS Defendants' motion to dismiss certain claims, and GRANTS leave to amend some of the dismissed claims.

BACKGROUND

Plaintiff describes himself as an "Iranian-American Muslim." He worked for the City as a structural engineer from 2001 to 2009,

---

[1] Defendants conclusorily assert that the Court does not have subject matter jurisdiction. This Court has subject matter jurisdiction because Plaintiff brings various federal claims.

when he was terminated. Plaintiff alleges that during the course of his employment with the City he was subjected to discrimination based on his race, national origin, disability and religion. He also claims that City employees retaliated against him for protected activity. Plaintiff alleges that he experienced a series of discriminatory and retaliatory acts, the sum of which he claims created a hostile work environment.

On March 10, 2010, Plaintiff filed the initial complaint in this action. On October 8, 2010, Plaintiff amended his complaint pursuant to a stipulation. On September 28, 2011, Plaintiff's first amended complaint (FAC) was dismissed with leave to amend. On November 28, 2011, Plaintiff filed his second amended complaint (SAC). In his SAC Plaintiff brings thirteen causes of action for: (1) race discrimination in violation of 42 U.S.C. § 1981; (2) race and disability discrimination in violation of 42 U.S.C. § 1983; (3) violation of California Constitution, Article I, §§ 1, 2, and 8, and California Civil Code §§ 51, 52 and 52.1; (4) violation of California's Fair Employment and Housing Act (FEHA); (5) violation of California Labor Code § 1102.5; (6) declaratory relief; (7) breach of contract; (8) breach of the implied covenant of good faith and fair dealing; (9) violation of the Fair Labor Standards Act (FLSA); (10) intentional interference with contract; (11) intentional infliction of emotional distress; (12) negligence; and (13) conspiracy.

2

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th

Cir. 1990). But "'where the court has already given a plaintiff one or more opportunities to amend his complaint,'" the court's discretion to deny leave to amend is especially broad. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 n.3 (9th Cir. 1987) (quoting Mir v. Fosburg, 646 F.2d 342, 347 (9th Cir. 1980)).

Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

DISCUSSION

I. First and Second Claims--Federal Civil Rights Statutes

Plaintiff's first and second claims allege constitutional violations under 42 U.S.C. § 1981 and § 1983, respectively. Defendants argue that the statute of limitations for § 1981 and § 1983 claims is California's two-year personal injury statute of limitations. Thus, Defendants argue that any claims based on events that occurred more than two years prior to the filing of Plaintiff's March 10, 2010 complaint are barred.

Title 42 U.S.C. § 1981 provides in relevant part: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . and to the full and equal benefit of all laws and

4

proceedings for the security of persons and property as is enjoyed by white citizens . . . . " 42 U.S.C. § 1981.

The statute of limitations for § 1981 claims is governed by either California's limitations period of two years for personal injury torts or the four-year catch-all provision of 28 U.S.C. § 1658(a). Maxwell v. City & Cnty. of San Francisco, 2009 WL 688857 (N.D. Cal.) aff'd, 379 F. App'x 641 (9th Cir. 2010). The four-year catch-all provision is limited to claims that do not "allege a violation of the pre-1990 version of Section 1981 but [do] allege violations of the amended statute." Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 (2004).[2]

Here, Plaintiff's multiple § 1981 claims are all based on violations of the post-1990 version of § 1981 because they relate to Defendants' conduct after Plaintiff began his employment with the City. Thus, the four-year catch-all provision of 28 U.S.C. § 1658(a) applies to all of Plaintiff's § 1981 claims, so that they can be based only on events that occurred on or after March 10, 2006.

---

[2] In 1989, the United States Supreme Court held that the statutory right under § 1981 "to make and enforce contracts" did not protect against harassing conduct that occurred after the formation of an employment contract. Patterson v. McLean Credit Union, 491 U.S. 164 (1989). In 1991, Congress responded to the Supreme Court's ruling in Patterson by amending the Civil Rights Act to add a new subsection to § 1981 that defines the term "make and enforce contracts" to include the "termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

5

Plaintiff styles his § 1981 claims as: (1) Disparate Treatment--Tangible Adverse Employment Action; (2) Failure to Correct--Tangible Adverse Employment Action; (3) Hostile Work Environment--Harassment; (4) Hostile Work Environment--Retaliation; and (5) Hostile Work Environment--Failure to Correct.

Title 42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508, (1990) (quoting 42 U.S.C. § 1983).

The statute of limitations for § 1983 claims borrows California's for personal injury torts. Alameda Books, Inc. v. City of L.A., 631 F.3d 1031, 1041 (9th Cir. 2011) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007)). In California, the limitations period on personal injury claims is two years. Cal. Civ. Proc. Code § 335.1; Alameda Books, Inc., 2011 WL 258089, at *7 n.8. Thus, Plaintiff's § 1983 claims can be based only on events that occurred on or after March 10, 2008.

Plaintiff styles his § 1983 claims as: (1) Disparate Treatment--Tangible Adverse Employment Action; (2) Failure to Correct--Tangible Adverse Employment Action; (3) Hostile Work Environment--Harassment; (4) Hostile Work Environment--Retaliation; (5) Hostile Work Environment--Failure to Correct; (6) Denial of Procedural Due Process (Fourteenth Amendment); (7) Denial of Equal Protection (Fourteenth Amendment);

6

(8) Violation of Right to Free Exercise of Speech and Petition (First Amendment); and (9) Violation of Privacy (Fourteenth Amendment).

The Court DISMISSES without leave to amend Plaintiff's §§ 1981 and 1983 claims for "Failure to Correct--Tangible Adverse Employment Action" and "Hostile Work Environment--Failure to Correct" because a failure to correct is not a recognized cause of action under § 1981 or § 1983.

The Court DISMISSES Plaintiff's §§ 1981 and 1983 claims for "Hostile Work Environment--Harassment" because the alleged harassment is unrelated to Plaintiff's protected categories,[3] the alleged harassment occurring outside of the limitations period is time-barred and Plaintiff's continuing violation doctrine argument fails. The continuing violation doctrine permits a plaintiff to bring a hostile workplace claim even if some of the conduct that contributed to the hostile environment occurred outside the limitations period, so long as some of the contributing conduct occurred inside the period. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002). However, the doctrine does not permit a

---

[3] To establish a prima facie hostile work environment claim, a plaintiff must raise a triable issue of fact as to whether he was subjected to unwelcome verbal or physical conduct because of his protected category. Manatt v. Bank of Am., NA, 339 F.3d 792, 798 (9th Cir. 2003) (citing Kang v. U. Lim Am., Inc., 296 F.3d 810, 817 (9th Cir. 2002)). Here, Plaintiff alleges a series of acts taken against him by Defendants, but fails to relate these acts to his race, national origin, disability, religion or to retaliation.

7

plaintiff to sue for discrete acts of discrimination or retaliation that occurred outside the limitations period solely because they are related to other discrete acts that occurred inside the limitations period. Id. at 113-14. Here, Plaintiff alleges discrete acts of discrimination and retaliation occurring outside of the limitations period, which are insufficient to implicate the continuing violation doctrine. Plaintiff is granted leave to amend, to cure the noted deficiencies, if he truthfully can do so. For his § 1981 claim, Plaintiff must allege unwelcome verbal or physical conduct based upon his race or in retaliation for protected activity based upon race. For his § 1983 claim, Plaintiff must allege unwelcome verbal or physical conduct based upon his race, national origin, religion or in retaliation for protected activity. Plaintiff may only include conduct that is not time-barred.

The Court DISMISSES Plaintiff's §§ 1981 and 1983 claims for "Hostile Work Environment--Retaliation;" any such claim should be included with his Hostile Work Environment--Harassment claim addressed above.

The Court DISMISSES Plaintiff's § 1983 claim for "Violation of Right to Free Exercise of Speech and Petition (1st Amendment)" but grants leave to amend to allege a prima facie case of

8

retaliation in his amended complaint.[4]  Plaintiff alleges that he engaged in protected activity and that Defendants took adverse action against him, but does not allege the causal connection between these two acts.  Furthermore, if Plaintiff chooses to amend these claims, he may only include events that are not time-barred.

The Court DISMISSES Plaintiff's remaining §§ 1981 and 1983 claims with leave to amend because the Court is unable to determine which of these claims are time-barred.  Plaintiff's complaint often fails to state which specific actions or events are being used to support which claims.  In his amended complaint, Plaintiff shall ensure that each of his descriptive paragraphs includes the name or names of each Defendant who participated in the action, the alleged action committed by each Defendant, and the date the alleged action occurred.  For each of his causes of action and sub-causes of action, he shall state which Defendant or Defendants are named and which actions described in his descriptive paragraphs constitute that cause of action and sub-cause of action.  Plaintiff shall also address whether a disability discrimination claim can be brought under § 1983.

---

[4] To establish a prima facie retaliation claim, a plaintiff must show (1) that he engaged in protected activity, (2) that he suffered an adverse employment decision, and (3) that there was a causal link between the protected activity and the adverse employment decision.  EEOC v. Hacienda Hotel, 881 F.2d 1504, 1513-14 (9th Cir. 1989).

9

II.  Fourth Claim--FEHA

Plaintiff's fourth claim alleges violations of California's FEHA.  The parties agree that any charges not timely addressed in the June 2009 or February 2010 right-to-sue letters issued to Plaintiff by the Department of Fair Employment and Housing have not been administratively exhausted as FEHA requires.  An aggrieved party must file an administrative complaint with the DFEH within "one year from the date upon which the alleged unlawful practice . . . occurred."  Cal. Gov't Code § 12960(d).

Plaintiff's June 2009 right-to-sue letter was based on his complaint of discrimination due to national origin/ancestry and retaliation submitted on July 1, 2008.  Plaintiff's February 2010 right-to-sue letter was based on his complaint of discrimination due to race, national origin/ancestry, religion, disability, age and retaliation submitted on February 18, 2010.  Thus, Plaintiff may include in the FEHA claim in his amended complaint only actions mentioned in these administrative claims which occurred within a year prior to the dates each was filed.

Because Plaintiff failed to provide the Court with a copy of his July 1, 2008 administrative complaint, the Court is unable to determine which alleged actions are barred.  Plaintiff must attach to his amended complaint copies of his July 1, 2008 and February 18, 2010 administrative complaints, as well as the corresponding right-to-sue letters.

III.  Eleventh and Twelfth Claims--State Law

10

A two-year statute of limitations applies to Plaintiff's negligence and intentional infliction of emotional distress (IIED) claims contained in the eleventh and twelfth causes of action, respectively. Cal. Civ. Proc. Code § 335.1. Thus, any negligence or IIED claims based on events that occurred more than two years prior to the filing of Plaintiff's March 10, 2010 complaint are barred and should not be included in support of those causes of action in the amended complaint.

IV. Individual Defendants

Defendants seek to dismiss Plaintiff's claims against certain individual Defendants on the grounds that the alleged actions and events on which Plaintiff bases the claims against them all occurred outside the limitations periods. The Court is unable to determine which of Plaintiff's claims are time-barred and consequently whether all individual Defendants are accused of non-time-barred conduct because Plaintiff's complaint often fails to state which actions are being used to support which claims and/or fails to specify which Defendants committed which alleged actions and/or their dates. Plaintiff's amended complaint should make this clear.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss certain claims, and grants leave to amend some of the causes of action. Plaintiff shall submit an amended complaint with descriptive paragraphs including the name or names

of each Defendant who participated in the action, the alleged action committed by each Defendant, and the date the alleged action occurred. For each of his causes of action and sub-causes of action, he shall state which Defendant or Defendants are named and which actions described in his descriptive paragraphs constitute that cause of action and sub-cause of action. Additionally, Plaintiff shall attach to his amended complaint copies of his July 1, 2008 and February 18, 2010 administrative complaints filed with the DFEH, as well as copies of the corresponding right-to-sue letters. If Plaintiff chooses to file an amended complaint, he must do so within seven days from the date of this Order. If he fails to file an amended complaint within this time period, the claims that are dismissed with leave to amend will be dismissed for failure to prosecute and the claims that are not dismissed will proceed. A case management conference is set for Wednesday August 8, 2012 at 2 pm.

    IT IS SO ORDERED.

Dated: 6/4/2012

CLAUDIA WILKEN
United States District Judge