UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARID SHAHRIVAR,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>Defendants. | Case No. 10-cv-01029-PSG<br><br>**ORDER GRANTING MOTION TO DISMISS SIXTH AMENDED COMPLAINT**<br><br>**(Re: Docket No. 108, 110)** |

Plaintiff Farid Shahrivar filed this employment discrimination suit in March 2010.[1] The operative complaint—his seventh—raises nine causes of action against the City of San Jose and nineteen individuals.[2] Three separate courts in this district have ordered Shahrivar to clarify his claims and specify exactly which theory underlies each cause of action against each Defendant.[3] Nearly six years into this case, he still has failed to do so. Defendants' motion to dismiss[4] is GRANTED, without leave to amend.[5]

**I.**

Shahrivar, an Iranian-American, worked for the City's Public Works Department as a

---

[1] *See* Docket No. 1.

[2] *See* Docket No. 106. According to Defendants, ten of these nineteen no longer work for the City, and one has died. *See* Docket No. 108-1 at 1.

[3] *See* Dockets Nos. 26, 42, 101.

[4] *See* Docket No. 108.

[5] Defendants also have filed a separate motion to dismiss under Rule 8 and Rule 41(b). *See* Docket No. 110. That motion is DENIED as moot.

1
Case No. 10-cv-01029-PSG
ORDER GRANTING MOTION TO DISMISS SIXTH AMENDED COMPLAINT

structural engineer from November 26, 2001 until February 20, 2009.[6] He claims that he was subjected to race and disability discrimination, harassment and retaliation for his complaints during the course of his employment by the City.[7]

The alleged misbehavior started early in Shahrivar's tenure. From 2003 to 2004, he claims that he experienced racial harassment from his subordinate, Susan Lacy.[8] His management ignored his complaint.[9] In November 2004, Shahrivar refused to follow his supervisor Rodney Rapson's directive to overlook building code violations.[10] On March 14, 2005, Rapson and his supervisor, Katherine Jensen, retaliated by demoting Shahrivar and assigning him to another supervisor, Danny Tsao, who singled out employees with Middle Eastern ancestry for additional monitoring.[11]

The retaliation only escalated from there. In August 2005, Shahrivar reported the race discrimination and Rapson's interference with building inspection to Katrina Allen, the director of the Public Works Department, but she dismissed Shahrivar's complaint without an investigation.[12] Within weeks, his superiors retaliated by denying his request for a transfer, engaging in additional monitoring and launching a sexual harassment investigation.[13] In January 2006, after being exonerated of the harassment charges, Shahrivar complained of the retaliations to David Sykes, the assistant director of the Public Works Department, and again asked for a transfer.[14] This

---

[6] *See* Docket No. 106 at ¶¶ 4, 15.

[7] *See id.* at ¶ 13.

[8] *See id.* at ¶ 15.

[9] *See id.*

[10] *See id.* at ¶ 16.

[11] *See id.* at ¶ 17.

[12] *See id.* at ¶ 18.

[13] *See id.* at ¶¶ 18, 19.

[14] *See id.* at ¶ 20.

yielded nothing.[15] As a result of this pattern of harassment, Shahrivar's physician finally placed him on medical leave from February 2006 to October 30, 2006.[16]

On June 16, 2006, Shahrivar filed complaints with the California Department of Fair Employment and Housing and the federal Equal Employment Opportunity Commission.[17] The agencies issued right-to-sue letters on October 2, 2006 and November 7, 2006, respectively.[18] Sykes and Tsao responded with an official reprimand, a poor performance review and another demotion.[19] Shahrivar filed a second EEOC complaint on February 16, 2007.[20] The retaliation continued through 2007, eventually resulting in another stint on medical leave.[21] While he was on leave, certain Defendants misled the EEOC investigator, and others targeted him for another baseless investigation.[22] Shahrivar filed his second DFEH complaint on July 1, 2008.[23] On October 1, 2008, the City forced Shahrivar to return early from his medical leave and denied him a reasonable disability accommodation and a transfer.[24] Finally, on February 20, 2009, the City fired Shahrivar.[25] He filed his third DFEH complaint on February 18, 2010 and received a right-

---

[15] *See id.*

[16] *See id.* at ¶ 21.

[17] *See id.* at ¶¶ 13, 21; Docket No. 107-1; Docket No. 107-2.

[18] *See* Docket No. 106 at ¶¶ 13, 25-26; Docket No. 107-1; Docket No. 107-2.

[19] *See* Docket No. 106 at ¶¶ 27, 28, 30, 33.

[20] *See id.* at ¶ 13; Docket No. 107-3.

[21] *See* Docket No. 106 at ¶¶ 13, 34-38.

[22] *See id.* at ¶ 38.

[23] *See id.* at ¶ 13; Docket No. 107-9.

[24] *See* Docket No. 106 at ¶ 39.

[25] *See id.* at ¶ 42.

3
Case No. 10-cv-01029-PSG
ORDER GRANTING MOTION TO DISMISS SIXTH AMENDED COMPLAINT

to-sue notice four days later.[26]

On March 10, 2010, Shahrivar filed this action.[27] He asserts the following claims: (1) discrimination and retaliation, actionable under 42 U.S.C. §§ 1981, 1983, 1985 and 1988; (2) breach of contract; (3) wrongful termination; (4) violations of his First, Fourth and Fourteenth Amendment and statutory rights, actionable under 42 U.S.C. §§ 1983, 1985 and 1988; (5) violations of his civil rights under the Bane Act;[28] (6) intentional infliction of emotional distress; (7) negligence; (8) intentional interference with contract and (9) violations of Cal. Gov't Code §§ 12940, 12945 and 12945.2, provisions of the California Fair Employment and Housing Act.[29]

**II.**

This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 1367. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).

**III.**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[30] When a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[31] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[32] Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable

---

[26] *See id.* at ¶ 13; Docket No. 107-10.

[27] *See* Docket No. 1.

[28] *See* Cal. Civ. Code §§ 51, 52, 52.1.

[29] *See* Docket No. 106 at ¶¶ 48-109.

[30] Fed. R. Civ. P. 8(a)(2).

[31] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

4
Case No. 10-cv-01029-PSG
ORDER GRANTING MOTION TO DISMISS SIXTH AMENDED COMPLAINT

legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[33] Dismissal with prejudice and without leave to amend is appropriate if it is clear that the complaint could not be saved by amendment.[34]

At this stage of the case, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[35] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference and matters of which the court may take judicial notice.[36] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact or unreasonable inferences.[37]

*First*, Shahrivar's first and fourth claims, which he brings under 42 U.S.C. §§ 1981, 1983, 1985 and 1988, are dismissed because they fail to "clearly describ[e] what [Shahrivar] is accusing each defendant of doing and under what theory."[38] Shahrivar attempts to "summarize[]" the alleged wrongful acts in a single paragraph that spans nine pages and twenty subparagraphs.[39] Several of the allegations rely on conclusory assertions of a "plan" to retaliate against Shahrivar,[40] while others include no details of the wrongful conduct.[41] Despite an order over three years ago to include "the date the alleged action occurred" for each of his allegations,[42] much of Shahrivar's

---

[33] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[34] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[35] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[36] *See id.*

[37] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[38] Docket No. 101.

[39] Docket No. 106 at ¶ 71.

[40] *Id.* at ¶¶ 71(c), 71(d), 71(e), 71(h), 71(j), 71(k), 71(n), 71(o), 71(r), 90, 94.

[41] *See id.* at ¶¶ 71(e), 71(f), 71(q), 71(s).

complaint still refers only to time periods that stretch up to three years.[43]  Similarly, although Shahrivar has been ordered to "state . . . which actions described in his descriptive paragraphs constitute [each] cause of action and sub-cause of action,"[44] his complaint often omits these details.[45]

Their opacity aside, the claims have substantive defects too.  A Section 1981 or 1983 claim for a hostile work environment or retaliation depends on a causal relationship between the alleged behavior and the plaintiff's protected category or protected activity.[46]  Shahrivar pleads these causal connections only in conclusory terms[47]—"[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements" that "do not suffice" under *Ashcroft v. Iqbal*.[48]  Other parts of these claims attempt to resuscitate causes of action that have been dismissed without leave to amend.  Judge Wilken explained that "a failure to correct is not a recognized cause of action under § 1981 or § 1983" and dismissed those claims without leave to amend.[49]  Shahrivar nevertheless alleges repeatedly that Defendants failed to remedy a hostile work environment.[50]  For all these reasons, Shahrivar's federal claims must be dismissed.

***Second***, the statute of limitations has run on Shahrivar's breach of contract claim.  The

---

[42] Docket No. 42 at 9.

[43] *See* Docket No. 106 at ¶¶ 19, 34-36, 43, 48-49, 71, 73, 89-94.

[44] Docket No. 42 at 9.

[45] *See* Docket No. 106 at ¶¶ 71(j), 71(o), 71(p).

[46] *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 817 (9th Cir. 2002)); *Trent v. Valley Elec. Ass'n*, 41 F.3d 524, 526 (9th Cir. 1994).

[47] *See* Docket No. 106 at ¶¶ 48-49, 70, 94.

[48] 556 U.S. at 678.

[49] Docket No. 42 at 7.

[50] *See* Docket No. 106 at ¶¶ 48, 71(a), 71(b), 71(f), 71(o), 71(s).

statute of limitations for a breach of an oral or implied-in-fact contract is two years;[51] for a written contract, the limitations period is four years.[52]  Because the alleged breach began four years before Shahrivar filed suit,[53] the cause of action is timely only if the City breached a written contract.  Shahrivar alleges that the City's written employment policy formed part of his employment contract.[54]  But at best, the City's written policies against discrimination and retaliation were an implied-in-fact contract between the City and Shahrivar.[55]  A two-year statute of limitations applies to breaches of such an implied contract, and the cause of action is untimely.

The California Government Claims Act independently bars Shahrivar's breach of contract cause of action.  "The [CGCA] requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part."[56]  The CGCA's presentation requirements apply to breach of contract claims[57] as well as suits against individual public employees arising from actions or omissions within the scope of their employment.[58]  The plaintiff must present a claim to the public entity no later than six months

---

[51] *See* Cal. Civ. Proc. Code § 339; *Benay v. Warner Bros. Entmt., Inc.*, 607 F.3d 620, 632-33 (9th Cir. 2010) (citing *Blaustein v. Burton*, 9 Cal. App. 3d 161, 185 (1970)); *Assurance Indus. Co., Inc. v. Snag, Inc.*, Case No. 10-cv-1718, 2011 WL 132860, at *4 (N.D. Cal. Jan. 14, 2011).

[52] *See* Cal. Civ. Proc. Code § 337.

[53] *See* Docket No. 106 at ¶ 83.

[54] *See id.* at ¶¶ 81, 83.

[55] *See Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 338-46 (2000) (holding that written personnel policies can constitute "an implied agreement for employment security" or "an implied contract").

[56] *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) (citing *Snipes v. City of Bakersfield*, 145 Cal. App. 3d 861, 865 (1983)); *see* Cal. Gov't Code § 905.  The CGCA formerly was known as the California Tort Claims Act, but the California Supreme Court has held that the new name more accurately reflects the broad scope of the Act.  *See City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741-42 (2007).

[57] *See City of Stockton*, 42 Cal. 4th at 738-41.

[58] *See* Cal. Gov't Code §§ 950.2, 950.6; *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

after the cause of action accrued,[59] and the plaintiff must sue within six months after the public entity rejects the claim.[60] Although the alleged breach began in 2006, Shahrivar did not file his breach of contract claim with the City until August 14, 2009.[61] The CGCA precludes him from raising it now.

*Third*, Shahrivar's causes of action based in tort law—the third, sixth, seventh and eighth claims in his operative complaint—cannot survive either. As an initial matter, because the CGCA "abolishes common law tort liability for public entities,"[62] Shahrivar's tort claims against the City are barred. This includes the entirety of his wrongful termination claim and parts of his intentional tort claims. As for Shahrivar's causes of action against individuals, the claim he filed with the City did not mention ten of the nineteen employees who allegedly committed torts against him.[63] The claims against those Defendants are dismissed for failure to fulfill the claim presentation requirements. Further, although the CGCA requires that a complainant present a claim within six months after the cause of action accrues, the bulk of Shahrivar's tort claims refer to events that occurred before February 14, 2009—or more than six months before he filed his claim.[64] Those claims are dismissed as well.

What remain of Shahrivar's tort claims are "[t]hreadbare recitals" of the elements of each of these torts.[65] Not one of these claims says precisely which conduct by which defendant on

---

[59] *See* Cal. Gov't Code § 911.2; *Robinson v. Alameda Cty.*, 875 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012).

[60] *See* Cal. Gov't Code § 945.6(a).

[61] *See* Docket No. 106 at ¶ 46; Docket No. 107-16.

[62] *Miklosy v. Regents of the Univ. of Cal.*, 44 Cal. 4th 876, 899 (2008).

[63] *See* Docket No. 107-16.

[64] *See* Docket No. 106 at ¶¶ 101, 105, 108; Docket No. 107-16. Shahrivar also did not mention any events predating February 19, 2009 in the claim he filed with the City. *See* Docket No. 107-16.

[65] *Iqbal*, 556 U.S. at 678.

which date satisfies any element of the tort.[66] In other words, they do not "clearly describ[e] what [Shahrivar] is accusing each defendant of doing and under what theory."[67] They too are dismissed.

*Fourth*, Shahrivar's Bane Act claim is dismissed because Shahrivar did not present it to the City. Claims under the Bane Act are subject to the CGCA's claim presentation requirements.[68] The complaint that Shahrivar filed with the City did not include his Bane Act claim.[69] The claim therefore is barred under the CGCA.

*Fifth*, Shahrivar's FEHA claims are dismissed as untimely or insufficiently pled. A FEHA action must comply with two one-year limitation periods.[70] First, the plaintiff must file an administrative complaint with DFEH within one year after an incident occurs.[71] Second, the plaintiff must file suit within one year after DFEH issues a right-to-sue notice.[72]

Shahrivar received two right-to-sue letters from DFEH less than a year before he filed this complaint.[73] DFEH issued the first letter on June 2, 2009 in response to a complaint Shahrivar

---

[66] *See* Docket No. 106 at ¶¶ 101, 105, 108.

[67] Docket No. 101.

[68] *See Pinon-Gutierrez v. Cal. Highway Patrol*, Case No. 15-cv-0343, 2015 WL 5173068, at *3-4 (E.D. Cal. Sept. 3, 2015); *Williams v. City of Antioch*, Case No. 08-cv-2301, 2010 WL 3632199, at *4-5 (N.D. Cal. Sept. 2, 2010).

[69] *See* Docket No. 107-16.

[70] *See* Docket No. 108-1 at 11-13.

[71] *See* Cal. Gov't Code § 12960(d) ("No complaint may be filed after the expiration of one year from the date upon which the alleged unlawful practice or refusal to cooperate occurred.").

[72] *See* Cal. Gov't Code §12965(b) ("This notice shall indicate that the person claiming to be aggrieved may bring a civil action . . . within one year from the date of that notice.").

[73] Shahrivar received a third DFEH right-to-sue letter on October 2, 2006, more than a year before he filed this suit. *See* Docket No. 107-2. He now argues that tolling should apply so that he may revive the claims that he first raised in the 2006 DFEH complaint. *See* Docket No. 114 at 10. Tolling of a DFEH claim requires that "[t]he investigation of the charge is deferred by [DFEH] to the [EEOC]." Cal. Gov't Code § 12965(d)(1)(B). Here, however, DFEH performed its own investigation. *See* Docket No. 107-2. Tolling does not apply.

filed on July 1, 2008.[74]  The majority of the events Shahrivar included in that complaint began or occurred before July 1, 2007,[75] meaning that they were already untimely when he filed the administrative complaint.  DFEH issued a second right-to-sue letter on February 22, 2010 in response to Shahrivar's complaint of February 18, 2010.[76]  This DFEH complaint similarly included events that occurred between 2004 and his firing on February 20, 2009,[77] even though all but the last three days of this five-year span were outside the limitations period.

Nevertheless, in his complaint here, Shahrivar repeats several of these untimely allegations, adds other allegations that were not in his DFEH complaints and includes Defendants whom he did not name in those complaints.[78]  The claims involving events from before July 1, 2007 are untimely; those bringing up new allegations or naming new individuals are unexhausted.  As for the remainder, as above, Shahrivar fails to list specific dates for many of the events in question, and he fails to identify the legal theory underlying most of his claims.[79]  Despite six amendments, the complaint falls short of the standard the court has mandated.

## IV.

Defendants' motion to dismiss is GRANTED.  Dismissal without leave to amend is only appropriate if it is clear that the complaint could not be saved by amendment such as after a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed."[80]  Shahrivar has had five years and six opportunities to correct his complaint and failed to do so each time.  Leave to amend is DENIED.  A separate order pursuant to Fed. R. Civ. P. 58 will issue.

---

[74] *See* Docket No. 107-9.

[75] *See id.*

[76] *See* Docket No. 107-10.

[77] *See id.*

[78] *See* Docket No. 106 at ¶ 111-113.

[79] *See id.*

[80] *Eminence Capital*, 316 F.3d at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**SO ORDERED.**

Dated: November 24, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge