UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FARID SHAHRIVAR,

    Plaintiff,

v.

DAVID SYKES, et al.,

    Defendants.

Case No. 10-cv-01029-RS

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

Plaintiff Farid Shahrivar filed this case more than a decade ago against the City of San Jose and numerous individual defendants alleging a plethora of claims all generally relating to his contention that he had been discriminated against based on his status as a Muslim of "Middle Eastern, Persian/Iranian race" during his employment by the City as a civil engineer. Following multiple rounds of motion practice and amendments to the complaint, the action was eventually dismissed in its entirety.

Lengthy appellate proceedings ultimately resulted in a decision affirming the dismissal as to many of the claims and defendants. The dismissal was reversed, however, as to claims under 42 U.S.C. §1981 arising after March 10, 2006, alleging City employees Danny Tsao, David Sykes, and Katrina Allen retaliated against Shahrivar for filing complaints with the California Department of Fair Employment and Housing ("DFEH") and the Equal Employment Opportunity Commission ("EEOC"). The case was remanded for further proceedings as to those claims. It was reassigned,

as the previous presiding judge had retired in the interim.

Following remand, Shahrivar's counsel sought and was granted leave to withdraw. Thereafter, the matter was stayed during extensive efforts to locate *pro bono* counsel for Shahrivar, which proved unsuccessful. After the stay was lifted, Shahrivar was able to retain private counsel. Additional motion practice followed, as new counsel attempted to file an amended complaint reviving claims and issues that were foreclosed by the Ninth Circuit's affirmance-in-part of the prior dismissal. Ultimately, an Eighth Amended Complaint (Dkt. No. 221) was permitted to go forward, limited to the claims held viable by the Ninth Circuit. Further alternative dispute resolution proceedings were also held, but were not successful. Shahrivar's new counsel then sought, and was granted, leave to withdraw.

After of period of self-representation, Shahrivar obtained new counsel again. Additional mediated settlement efforts failed. Defendants now move for summary judgment, contending they had legitimate, non-retaliatory, reasons for the actions on which Shahrivar's complaint is based, and that he cannot show pretext. For the reasons explained below, the motion will be granted.

## II. BACKGROUND

Shahrivar was employed by the City of San Jose as an Associate Engineer in the Public Works Department, from November of 2001, until his termination in February of 2009. Shahrivar is an Iranian-American U.S. citizen. He holds an advanced degree in structural engineering and structural mechanics, and asserts he had an admirable, 19-year career prior to accepting the City's employment offer.

Prior to 2005, Shahrivar's supervisor, a licensed structural engineer, was also Iranian-American. Shahrivar contends that issues began to arise in 2005 when all Iranian-American supervisors in the division were "stripped of their subordinates and thereby demoted," and he was assigned to work under defendant Tsao, who Shahrivar asserts lacked any engineering credentials. Shahrivar describes a series of events that followed, which he contends led to him having a mental breakdown in February of 2006, with a medically prescribed disability leave.

By virtue of prior rulings in this action, before the appeal, on appeal, and after remand, the only potentially actionable conduct still at issue is any retaliation by defendants Tsao, Sykes, and/or Allen against Shahrivar for filing DFEH and EEOC complaints. *See Shahrivar v. City of San Jose*, 752 F. App'x 415, 419 (9th Cir. 2018) ("Shahrivar has sufficiently pled facts which, if true, support an inference that Tsao, Sykes, and Allen took adverse employment actions against him because of his protected activity. As a result, the district court's order dismissing Shahrivar's § 1981 retaliation claims arising after March 10, 2006 against Tsao, Sykes, and Allen was improper. The order is vacated *as to those claims . . . .*" (emphasis added)); Order Denying Motion to Dismiss or Strike, Dkt. No. 228 ("The next complaint plaintiff filed was dismissed because it expressly sought to include claims and defendants outside the scope of what the Ninth Circuit's ruling held could go forward in this action. The current complaint, in contrast, is expressly limited to the §1981 retaliation claims arising after March 10, 2006 against defendants Tsao, Sykes, and Allen, held by the Ninth Circuit to be viable at the pleading stage . . . . [despite] "allegations that are relevant only as background or not at all.").

Shahrivar's opposition to this summary judgment motion purports to rely on paragraph 3 of his complaint and paragraphs 19 and 22 of his declaration to identify the alleged retaliatory acts on which his claim is based. Opposition (Dkt. No. 271) at 3:24-25. Paragraph 3 of the complaint, however, alleges only that Shahrivar was forced, at some unspecified time, "to participate in and enforce an employment policy and/or practice of treating Iranian/Iranian-Americans/Middle Eastern employees differently than other races." Although Shahrivar is correct that requiring an employee to engage in such conduct would be unlawful, the allegation is not within the scope of the post March 10, 2006, retaliation claims against Tsao, Sykes, and Allen remaining in this action.

Paragraph 19 of Shahrivar's declaration describes a meeting he had with defendant Sykes in January of 2006, in which he complained of discrimination. Sykes allegedly told Shahrivar he would "chew on" the matter and get back to him, but that he never did. Paragraph 22 describes the February 2006 breakdown and resulting medical disability leave. Neither of these paragraphs

evidence post-March 10, 2006, acts of retaliation.[1] In the absence of any identification by Shahrivar of evidence potentially showing a triable issue of fact as to any other actionable acts of retaliation, the question presented by this motion is solely whether there is a basis to proceed to trial on the issue of whether Shahrivar's termination in 2009 reflected retaliation by Tsao, Sykes, and/or Allen.[2]

### III. LEGAL STANDARD

Summary judgment is proper "if the pleadings and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings and admissions on file, together with the affidavits, if any, which it believes demonstrate

---

[1] Additional paragraphs in Shahrivar's declaration, not cited in his opposition brief, complain of numerous actions by various persons both before and after March 10, 2006. He also submits nearly 1500 pages of largely undescribed and unauthenticated exhibits. The Ninth Circuit has observed, "[i]t is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quotation omitted). When asked at the hearing to point to evidence of pretext, Shahrivar emphasized exhibit 1 to his declaration. Even assuming that exhibit is otherwise admissible, it consists of an email Shahrivar sent in 2004 requesting that a coworker be transferred, and photographs of items posted in that coworker's cubicle that Shahrivar found to be offensive. Although Shahrivar's reaction to the items posted by the coworker may have been completely reasonable, nothing in exhibit 1 gives rise to a triable issue of fact that Tsao, Sykes, and/or Allen engaged in post-March 10, 2006, retaliation against Shahrivar for filing DFEH and EEOC complaints.

[2] As noted, Tsao was Shahrivar's immediate supervisor. Sykes was the assistant director of the City's department of public works, and Allen was its director. Although the record is unclear as to the role each of them may have played in Shahrivar's termination, this order assumes each might bear at least some responsibility for the decision.

the absence of a genuine issue of material fact." *Id*. at 323 (citations and internal quotation marks omitted). If it meets this burden, the moving party is then entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of the case with respect to which he bears the burden of proof at trial. *Id*. at 322-23.

The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party cannot defeat the moving party's properly supported motion for summary judgment simply by alleging some factual dispute between the parties. To preclude the entry of summary judgment, the non-moving party must bring forth material facts, *i.e*., "facts that might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 588 (1986).

## IV. DISCUSSION

Defendants present evidence that Shahrivar was given written reprimands and less-than-satisfactory performance evaluations based on insubordination, missed deadlines, complaints from customers and colleagues, tardiness, and similar matters. Ultimately, the City issued a Notice of Intended Discipline advising Shahrivar that his employment was to be terminated based on (1) frequent tardiness, (2) repeated "inappropriate and derogatory remarks to other employees" regarding supervisors, and (3) "inappropriate and unprofessional comments to other city employees and City contractors using City email." Dkt. No. 268-2, ECF pp. 21-22. Following a *Skelly* conference, Shahrivar was terminated.

Although Shahrivar has previously alleged at least some of his performance reviews were tainted by retaliatory intent, his opposition points to no evidence to create a triable issue of fact on that point. Additionally, defendants served Shahrivar with a series of requests for admission in this action regarding all of the factual assertions on which his discipline and termination was based.

*See* Dkt. No. 268-2, ECF pp. 10-16. Shahrivar, represented by counsel at that juncture, failed to serve any responses to those requests, and has not sought relief from that failure. While reliance on procedural defaults is not preferred, neither can the rules be ignored. Rule 36(a)(3) of the Rules of Civil Procedure provides that in the absence of timely responses, requests are deemed admitted. Rule 36(b) further provides that matters admitted pursuant to the rule are "*conclusively established* unless the court, on motion, permits the admission to be withdrawn or amended." (emphasis added). As noted, Shahrivar has brought no such motion here.

Accordingly, both because Shahrivar has not identified contradictory evidence and because of the conclusive effect of his failure to respond to the requests for admission, there can be no triable issue of fact that he engaged in the conduct for which he was disciplined and ultimately terminated. That said, there still is a theoretical possibility Shahrivar could show a triable issue as to whether defendants used that conduct as pretext—*i.e.*, that even if his job performance was deficient in some respects, the discipline and termination would not have occurred absent defendants' retaliatory motives.[3]

Shahrivar has made no such showing, however. Under the familiar *McDonnell Douglas* framework that may properly be applied at the summary judgment stage, a plaintiff first must have sufficient evidence to support a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Although defendants argue Shahrivar cannot even meet that relatively low bar, the timing of his DFEH and EEOC complaints and the alleged retaliation is sufficient, as the Ninth Circuit ruled at the pleading stage.

The burden therefore shifted to defendants "to articulate some legitimate, nondiscriminatory reason" for the adverse employment action. *Id.* Defendants met that burden, as described above. Thus, it fell to Shahrivar to show at least a triable issue of fact that "the

---

[3] Liability can result if either job performance deficiencies are not actually the reason an employee is disciplined or terminated, or if the employer acts with "mixed motives" and then fail to prove the affirmative defense that it would have made the same decision even absent discrimination. *See Costa v. Desert Palace, Inc.*, 299 F.3d 838, 856–57 (9th Cir. 2002).

legitimate reasons offered by the defendant[s] were not [their] true reasons, but were a pretext for discrimination. *Id*., at 804. *See also Texas Dept. of Cmty. Affs. v. Burdine*, 450 U.S. 248, 252–53, (1981). Shahrivar did not even attempt to do so.

Instead, Shahrivar flatly asserts burden-shifting under *McDonnell Douglas* should not be applied here, because the Ninth Circuit held in *Costa* "it is not normally appropriate to introduce the *McDonnell Douglas* burden-shifting framework *to the jury*." 299 F.3d at 855 (emphasis added). This case is not at the trial stage, and jury instructions are not the issue. Nothing in *Costa* relieves Shahrivar of his burden under *McDonnell Douglas* to rebut the showing defendants made in this case.[4]

## V. CONCLUSION

Defendants' motion for summary judgment is granted. A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated: July 21, 2023

_____
RICHARD SEEBORG
Chief United States District Judge

---

[4] *Costa* does teach that the *McDonnell Douglas* framework is not mandatory where a plaintiff presents "other sufficient evidence—direct or circumstantial—of discriminatory intent." *Id.* Here, however, Shahrivar at most has presented a prima facie case, making the burden-shifting paradigm fully applicable.