United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FARID SHAHRIVAR,

    Plaintiff,

v.

DAVID SYKES, et al.,

    Defendants.

Case No. 10-cv-01029-RS

**ORDER DENYING POST-JUDGMENT MOTIONS**

The parties are familiar with the lengthy history of this action, both prior to appeal and following remand. For reasons set out in an order entered June 21, 2023, (Dkt. No. 279), judgment was entered in favor of the remaining defendants on the claims within the scope of the Ninth Circuit's partial reversal and remand. *See* Dkt Nos. 151, 157, 280.

Plaintiff Farid Shahrivar has filed two motions seeking relief from the judgment. Shahrivar's first motion (Dkt. No. 291) invokes Rule 59 of the Federal Rules of Civil Procedure. The second motion (Dkt. No. 304) is brought under Rule 60. Defendants, in turn, move pursuant 42 U.S.C. § 1988 to recover attorney fees they incurred following remand, arguing Shahrivar's continued pursuit of the litigation was "frivolous, unreasonable, or without foundation." All three motions have been submitted without oral argument pursuant to Civil Local Rule 7-1(b), and all three will be denied.

1. *Shahrivar's motions*

As "[a]n extraordinary remedy which should be used sparingly," Federal Rule of Civil Procedure 59(e) requires parties to move a court to amend judgments within twenty-eight days of their entry. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citations omitted). Generally, such motions may be granted under four basic grounds: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id.* (citations omitted).

District courts "enjoy[] considerable discretion in granting or denying [Rule 59(e)] motion[s]." *Allstate*, 634 F.3d at 1111. The law is clear that Rule 59(e) "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed.1995)). Indeed, "[j]udgment is not properly reopened absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Guenther v. Lockheed Martin Corp.*, 972 F.3d 1043, 1058 (9th Cir. 2020) (citations omitted).

Similarly, Federal Rule of Civil Procedure 60(b) identifies six bases for district courts to provide relief from a final judgment or order. Shahrivar invokes (b)(1) –"mistake, inadvertence, surprise, or excusable neglect," (b)(3) –"fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," (b)(4) –"the judgment is void," and (b)(6) –"any other reason that justifies relief."[1] Motions under Rule 60(b) are committed to the sound discretion of the trial judge. *Blair v. Shanahan*, 38 F.3d 1514, 1518 (9th Cir. 1994). Relief

---

[1] Shahrivar also cites Rule 60(a), which permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." Shahrivar offers no argument, however, that an error within the meaning of subdivision (a) exists.

under Rule 60(b)(6), in particular, requires a showing of "extraordinary circumstances." *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 443 (9th Cir. 2019).

The bulk of Shahrivar's Rule 59 motion is devoted to presenting argument and putative evidence that he contends prove his claims (and, impliedly, which therefore shows at least a triable issue of fact). Shahrivar does not suggest any of the arguments or evidence he offers was unavailable at the time of the summary judgment proceedings, or that any of the other criteria for reconsideration under Rule 59 are satisfied. Rather, Shahrivar argues that through no fault of his own, his attorneys in this litigation failed to respond to the requests for admission propounded by defendants, then failed to seek relief from that omission, and otherwise failed to present a proper response to the motion for summary judgment, in the briefing and/or at oral argument.

Shahrivar's attempt to have a second bite of the apple after discharging his counsel is unavailing. As the Supreme Court has held, "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 396 (1993); *see also*, *Link v. Wabash R. Co*., 370 U.S. 626, 633–34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation . . . .").

Although relief may be available where an attorney has "virtually abandoned his client," *Chavez v. Deutsche Bank Nat'l Tr. Co*., , 2021 WL 1256897, at *3 (D. Haw. Mar. 24, 2021), nothing in the record here would support a finding of such abandonment. Here, as in *Chavez*, plaintiff is merely "disappointed with the outcome of this case, and he wishes his prior counsel handled the case differently." *Id.* As in *Chavez*, counsel filed a timely memorandum in opposition to the motion and appeared on plaintiff's behalf at the hearing. That other arguments or evidence perhaps could have been presented is not a basis to set aside the judgment.

Shahrivar's motion under Rule 60 similarly focuses primarily on evidence and arguments that he contends support the merits of his claims, and on alleged shortcomings of his counsel at

various points in the litigation.² Those contentions fare no better under Rule 60 than under Rule 59.

Shahrivar's further insistence that his Equal Protection and Due Process rights under the 5th and the 14th Amendments have somehow been violated likewise is unavailing. The record shows that Shahrivar was afforded all due process to present his claims—that he did not prevail on the merits is not a constitutional violation.³ Similarly, while Shahrivar invokes the term "fraud," he has identified nothing that constitutes intrinsic or extrinsic fraud that would warrant setting aside the judgment.

Finally, Shahrivar contends a California appellate court decision issued in 2020 represents a change of law that undermines the Ninth Circuit's 2018 decision in this case affirming the dismissal of certain claims on statute of limitations grounds. Those claims, however, were the subject of the judgment entered in 2015, affirmed in 2018, and are not within the scope of the judgment Shahrivar is now challenging.⁴ Shahrivar's motions to reconsider and/or set aside the judgment are denied.

2. *Defendants' motion for attorney fees*

Pursuant to 42 U.S.C. § 1988, a prevailing defendant in a Section 1981 suit may recover fees only if "the plaintiff's action was frivolous, unreasonable, or without foundation." *Hughes v.*

---

² Shahrivar faults both his own counsel and defense counsel for a supposed failure to comply fully with Rule 26 of the Federal Rules of Civil Procedure. Even assuming there was such a failure, it is not a basis for setting aside the judgment.

³ Shahrivar also argues it was unconstitutional for the Court of Appeals to issue a memorandum disposition in this matter. The former prohibition on citing unpublished decisions has long since been lifted. See Fed. R. App. P. 32.1(a). Even assuming there ever was a constitutional concern with unpublished opinions, Shahrivar has not shown how he possibly was prejudiced by the Circuit's decision to issue a memorandum disposition in this matter, as opposed to a published opinion.

⁴ The time to move to set aside the 2015 judgment or to challenge the 2018 appellate ruling, of course, has long since expired.

*Rowe*, 449 U. S. 5, 14 (1980) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U. S. 412, 421, (1978) (internal quotation marks omitted)). The "purpose of the fee-shifting provision is 'to deter the bringing of lawsuits without foundation.'" *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 432, (2016) (discussing closely related standard in Title VII cases; quoting *Christianburg*, *supra*, 434 U. S., at 420; and citing *Fox v. Vice*, 563 U. S. 826, at 836 (2011) (noting, in the context of 42 U. S. C. §1988 that Congress wanted "to relieve defendants of the burdens associated with fending off frivolous litigation")).

Defendants contend Shahrivar's claims were unreasonable and without evidentiary foundation from the outset. They argue the Ninth Circuit's finding that Shahrivar had successfully alleged a prima facie case of discrimination is not dispositive, because he failed to produce evidence to support those allegations in opposition to the motion for summary judgment. Defendants further contend that even if the suit was not frivolous from the outset, once the Ninth Circuit made it clear that the claims would be limited to events of retaliation under Section 1981 against Tsao, Sykes, and Allen after March 10, 2010, Shahrivar's continued pursuit of the litigation was objectively unreasonable. Defendants have accordingly limited their fee claim to those incurred following the remand.

Defendants expressly acknowledge any fee award is discretionary. The circumstances here do not warrant fee-shifting. Although Shahrivar was unable to present sufficient admissible evidence at the time of the summary judgment proceedings to create a triable issue of fact, the record does not support a conclusion that the claims were so "frivolous, unreasonable, or without foundation" from the outset or following remand as to support a fee award in defendants' favor. The motion is denied.

**IT IS SO ORDERED**.

Dated: December 14, 2023

_____
RICHARD SEEBORG
Chief United States District Judge